STATE OF TENNESSEE *ex rel.*, COMPLAINANT, APPELLANT, *v.*
M. I. HARTLEY, DEFENDANT, APPELLEE.*

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

*On right to revoke license, see annotation in 8 L. R. A. (N. S.),
1273; 5 A. L. R., 94; 79 A. L. R., 323; 31 R. C. L., 361; R. C. L. Perm.
Supp., p. 5045; R. C. L. Pocket Part, title "Physicians and Sur-
geons," section 9.

BEN ALLEN and C. LEE RICHARDSON, for complainant,
appellant.

SHERMAN GRINDSTAFF, for defendant, appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The bill herein was filed by the State, on the relation of the State Board of Medical Examiners, for the purpose of enjoining the defendant from practicing medicine in this State. The relief prayed for is predicated upon chapter 158, Acts of 1919, which is as follows:

"AN ACT to define and provide for the abatement of certain public nuisances.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That the carrying on, conducting or practice of any profession, business or occupation which is prohibited by the law of this State unless the person so engaging in such profession, business or occupation is in the possession of or holds a license issued by some board or other authority organized under the laws of the State, by any person not possessed of or holding the required license, is hereby declared to be a public nuisance, and the same may be abated under any procedure now provided by law for the abatement of any public nuisances, and such abatement may be accomplished by injunction.

"SEC. 2. *Be it further enacted,* That it shall be the duty of any board, organized under the laws of this State, to examine the applicants and issue licenses for the carrying on, conducting or practice of the business, occupation or profession for the regulation of which such board was created; provided, that such injunction proceedings may be instituted and prosecuted by any other person or persons affected by any of the nuisances defined in Section 1 of this Act.

"SEC. 3. *Be it further enacted,* That this Act take effect from and after its passage, the public welfare requiring it."

Dr. Hartley has been practicing medicine in Johnson and Carter counties for more than twenty years. His character as a competent and successful physician, as well as a citizen of high standing, is vouched for by eminent men in his profession, as well as by a host of citizens in the county where he resides; and his standing in either capacity is not questioned.

In 1925, the State Board of Medical Examiners issued to Dr. Hartley a regular license, which is in these words:

## "CERTIFICATE OF PERMANENT LICENSE

"We, THE STATE BOARD OF MEDICAL EXAMINERS OF TENNESSEE, appointed under an act of the General Assembly, approved April 22, 1901, do hereby certify that we have this day examined the credentials of Millard I. Hartley, M. D. Age 49, of Hampton, Tenn., Carter County. Said Millard I. Hartley, M. D., having presented the credentials required by law before this Board, is therefore entitled to all the privileges of the Act above referred to, when this Certificate of Permanent License is properly recorded in the County of the State of Tennessee in which he proposes to practice. Given under our hands and the Seal of the State Board of Medical Examiners of Tennessee, at Nashville, Tenn., this the 1st day of September, 1925.

Issued Sept. 1, 1925     (signed) W. L. McCreary, M. D.
Fee $5.00, paid                  Pres.
County Court Clerk's      "     Benj. L. Simmons, M. D
Fee 50 cts.                "     H. W. Qualls, M. D.
(Seal)                  "     F. B. Hulme, M. D.
(See Secs. 12, 15 and      "     J. W. Ogle, M. D.
16 of Medical Act of       "     A. R. DeLoach, M. D.
1901).                    Sec. and Treas.

"Have the County Court Clerk to Register this Certificate of License, word for word, but keep it in your possession. 'Void if not recorded in three months from date of issuance. This Certificate of License will also become void if licensee becomes an advertising or traveling doctor.'

"Endorsed upon and across the face of this Certificate is the following:

" 'This license was granted by the Tenn. State Board Md. Examiners in accordance with Chapter 679 of the Private Acts of 1923.     A. B. DeLoach, Sec'y.'

"Endorsed upon the back of this certificate is the following:

" 'Recorded in Johnson County on the 17th day of Sept., 1925. R. C. Smythe, County Court Clerk of Johnson County.'

" 'Recorded in Carter County on the 8th day of July, 1927. Jas. B. Deal, County Court Clerk of Carter County.''

The theory of the bill is that this license was issued in accordance with chapter 679 of the Private Acts of 1923; that this Act is unconstitutional and the license issued thereunder void. To this contention we cannot agree. Without considering the validity of the Act of 1923, we are of the opinion that the issuance of the license is authority to the licensee to practice medicine. Where a board clothed with exclusive power to issue a license exercises that power, the licensee may exercise the privilege conferred until his authority to act is lawfully revoked. 37 Corpus Juris, 243. The right of the Board to cancel or revoke the license, if wrongfully issued, is a question not involved in this proceeding, and one as to which we express no opinion. The Act of 1919

only applies to one engaged in the practice without holding a license issued by the Board; since the Board has issued a license to the defendant and has not revoked it, the Act in question has no application.

By the bill herein complainant asked the court to decree chapter 679, Private Acts of 1923, unconstitutional; and the defendant contended that chapter 158, Acts of 1919, was invalid. The court finds it unnecessary to pass upon these questions, but takes jurisdiction of the cause because the pleadings raise the constitutionality of these acts.

The Chancellor dismissed the bill upon the ground that complainant is estopped by its conduct from invoking injunctive relief. We find it unnecessary to pass upon that question, but rather predicate our decision upon the inapplicability of the Act of 1919 to the facts of this cause. We concur in the result reached by the Chancellor, and therefore affirm his decree.